UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONDAL M. CORNELL,**

      **Plaintiffs,**

                                                  **Civil Action 2:11-cv-00097**
v.                                            **Judge Edmund A. Sargus**
                                              **Magistrate Judge E.A. Preston Deavers**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act. (ECF No. 16.) For the reasons that follow it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion.

**I.**

Plaintiff filed this action on January 31, 2011 seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). On January 9, 2012, the undersigned recommended that the Court remand this case. On February 9, 2012, the Court adopted this recommendation, and remanded the case to the Commissioner for further consideration.

Plaintiff moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff maintains that as a prevailing party he is entitled to attorneys fees under the EAJA because the Commissioner's position was not substantially justified. Plaintiff seeks $2,250.13 in attorneys fees for 13.9 hours of attorney work, equaling an hourly rate of $161.88.

The Commissioner opposes Plaintiff's Motion for Attorney Fees. He maintains that Plaintiff fails to provide sufficient evidence justifying the hourly rate he seeks. The Commissioner requests that Plaintiff's attorney fees be limited to an hourly rate of $125.00.

## II.

**A.  EAJA Attorney Fees Requirements**

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a party will generally be entitled to attorney fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA). The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

In this case, Plaintiff was the prevailing party within the meaning of the EAJA. Additionally, the Commissioner does not contend that his position was substantially justified nor does he otherwise argue than an award of fees is inappropriate. Accordingly, the undersigned concludes that Plaintiff is entitled to an award of attorney fees.

**B.     Calculation of Fees**

The Commissioner, however, asserts that Plaintiff fails to provide sufficient evidence to justify the fees he seeks.  Upon review, the Court agrees.

Under the EAJA:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In analyzing the EAJA, the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor."  *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for cost of living adjustment to justify an award in excess of $125.00 per hour.  *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  The determination of whether a cost of living increase justifies a fee in excess of the $125.00 rate is left to the Court's discretion.  *Id.*  It is not enough, however, for a party to submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees.  *Bryant*, 578 F.3d at 450.

Here, Plaintiff has failed to submit satisfactory evidence to justify an increase in fees

3

above the statutory rate. Plaintiff relies on the contention, within his briefing, that the $161.88 hourly rate he seeks "is below the market rate for the same kind and quality of legal services as performed in this case . . . ." (Reply 1, ECF No. 18.) Plaintiff, however, does not submit any affidavit or other evidence to support this assertion. Rather, Plaintiff attempts to rely solely on the Consumer Price Index to demonstrate that cost of living adjustment justifies the rate he seeks. Under binding authority in this Circuit, however, the Court finds that such evidence is insufficient. *See Byrant*, 578 F.3d at 450. Finally, Plaintiff implies in briefing that counsel spent time on this case not incorporated in the time sheet submitted to the Court. Although Plaintiff might have been justified in seeking additional hours based on this detail, it does not substantiate an increase in the rate applied.

Because Plaintiff fails to satisfy his burden for justifying a rate increase, it is **RECOMMENDED** that the Court apply a rate of $125.00 per hour. Accordingly, it is **RECOMMENDED** that the Court **AWARD** Plaintiff **$1,737.50** in attorney fees., for 13.9 hours of work.

**C.     Payment of Fees**

Finally, Plaintiff request that fees be paid directly to counsel. Plaintiff attaches an assignment agreement to his Motion. The Supreme Court has recently held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, --- U.S. ----, 130 S.Ct. 2521, 2524 (2010); *see also Byrant*, 578 F.3d at 448 ("[T]he prevailing party, and not [the] attorney, is the proper recipient of attorney fees under the EAJA.").

Because the Court is unaware of whether Plaintiff owes a debt to the United States, the Court finds that under *Ratliff* the proper course is to award fees directly to Plaintiff and remain

silent as to the direction of those fees. *See Bishop v. Astrue*, No. 3:08CV00375, 2010 WL 4279185, at *4 (S.D. Ohio Sept. 29, 2010) (Report and Recommendation subsequently adopted) ("The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it . . . . If no such unpaid debt exists, or if the EAJA fees remain after a government offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment . . . ."). Accordingly, Plaintiff should be awarded attorney fees under the EAJA as a prevailing party and the Court should issue no Order regarding the direction such fees must be paid. *See id.* at *5.

### III.

For the foregoing reasons it is **RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act (ECF No. 16) and **AWARD** Plaintiff **$1,737.50** in attorney fees.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

5

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 2, 2012                                                     /s/ *Elizabeth A. Preston Deavers*
                                                                                  Elizabeth A. Preston Deavers
                                                                                  United States Magistrate Judge